IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS A. WORTHY, | ) |
| Plaintiff, | ) ) ) Civil Action No. _____ |
| v. | ) ) |
| CITY OF BUFFALO; COREY KRUG; WILLIAM MACY; THOMAS HERBERT; JOSEPH PASKIEWICZ; MELINDA JONES; BRIAN STROBELE, | ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marcus A. Worthy, by his undersigned counsel, alleges, on knowledge as to himself and on information and belief as to all other matters, as follows:

### Introduction

1. This is an action brought to redress the deprivation by Defendants of rights secured to Plaintiff by the United States Constitution and federal statute. On August 29, 2010, Plaintiff was standing and conversing with an acquaintance on private property. Plaintiff, a security-guard trainee in possession of a valid pistol permit, happened to be wearing his licensed firearm in its holster. Defendants Krug, Macy, Herbert, and Paskiewicz, officers of the City of Buffalo Police Department, responding to a call from an entirely different location, ran towards Plaintiff, took him down to the ground, and cuffed him. Thereafter, while Plaintiff was handcuffed behind his back, those defendants threw him over the hood of a police car, beat him about the head with a flashlight, and confiscated his licensed firearm. To cover up their

misconduct, those defendants, together with Defendants Jones and Strobele, also Buffalo Police Officers, brought false criminal charges against Plaintiff, all of which were subsequently dismissed in their entirety by the Erie County Grand Jury.  Defendants' actions violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from the excessive use of force, from being arrested without probable cause, and from the malicious filing of false criminal charges, by police officers acting within the scope of their duties under color of the laws of the State of New York.

2. Plaintiff also seeks to redress the violation of his federal constitutional and statutory rights by Defendant City of Buffalo.  Prior to the individual defendants' use of unconstitutionally excessive force against Plaintiff, Defendant City of Buffalo was on notice, through its receipt of prior complaints and service of prior lawsuits, that certain of the individual defendants engaged in a pattern or practice of using unconstitutionally excessive force in effecting arrests.  Defendant City of Buffalo also maintained, at the time of the violation of Plaintiff's constitutional rights, a policy and custom that tolerated the use of flashlights as weapons to subdue suspects and arrestees without reference to a reasonable use-of-force continuum and without consideration of recourse to less deadly uses of force, and which otherwise tolerated and encouraged use of excessive force in making arrests.  Defendant City of Buffalo's policies, customs, or practices of overlooking and approving excessive uses of force in general, those of the individual defendants in particular, and those involving indiscriminate use of flashlights as weapons in particular, were proximate causes of the violation of Plaintiff's rights herein complained of under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because it seeks compensatory and punitive damages for the deprivation under color of state law of rights of citizens of the United States secured by the United States Constitution and federal law pursuant to 42 U.S.C. § 1983.

4. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to the Plaintiff's claims occurred in this judicial district.

## Parties

5. Plaintiff Marcus A. Worthy is a citizen of the United States and currently resides in the City of Buffalo, County of Erie, State of New York. Plaintiff at all times relevant to this action was a security guard in training and holder of a valid New York State pistol permit.

6. At all times relevant to this action, Defendant City of Buffalo has been a municipal corporation organized and existing under the laws of the State of New York, with principal offices in the City of Buffalo, County of Erie, State of New York.

7. At all times relevant to this action, Defendants Corey Krug, William Macy, Thomas Herbert, Joseph Paskiewicz, and Melinda Jones were natural persons and were were employees and Officers of the City of Buffalo Police Department, a department within Defendant City of Buffalo.

8. At all times relevant to this action, Defendant Brian Strobele was a natural person and was an employee and Lieutenant of the City of Buffalo Police Department, a department within Defendant City of Buffalo.

9. Each of the acts of Defendants Corey Krug, William Macy, Thomas Herbert, Joseph Paskiewicz, Melinda Jones, and Brian Strobele alleged herein were performed in

the course of their employment with the City of Buffalo as Officers of the City of Buffalo Police Department, and under color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, County of Erie, and City of Buffalo, and under their authority as police officers.

## Factual Allegations

10. On August 29, 2010, around 10:30pm, Plaintiff was standing on the porch outside 52 Langmeyer Street in the City of Buffalo and conversing with a female acquaintance who resided in the upstairs apartment at that address.

11. Plaintiff, then a security guard in training who had just completed a firearms training course, was wearing a belt holster containing his licensed Glock firearm.

12. On information and belief, the City of Buffalo Police Department had received a call earlier that evening concerning a domestic dispute at a nearby location in which an individual had brandished a sword.

13. At approximately 10:40pm, Defendants Krug, Macy, Herbert, Paskiewicz, and Jones arrived at 52 Langmeyer Street.

14. Upon arrival, Defendants Krug, Macy, Herbert, and Paskiewicz began to run towards Plaintiff with guns drawn.

15. Plaintiff heard those Defendants shout something, but before he could decipher what they were saying, those Defendants struck Plaintiff in the back, causing him to fall forward.  Defendants then seized Plaintiff's arms and head, held down Plaintiff's head, and cuffed Plaintiff's hands behind his back.

16. At this point, Defendants realized that Plaintiff had a gun. Plaintiff attempted to lift his head to speak to Defendants, and stated that he had a permit for the gun in his car, which was parked on the street in front of the house.

17. In response, Defendant Krug beat Plaintiff in the back of the head with Defendant Krug's police department-issued metal flashlight.

18. Defendant Krug administered several blows with his metal flashlight, causing severe swelling and bleeding to Plaintiff's head and causing Plaintiff to feel dizzy. Plaintiff was handcuffed behind his back at the time each such blow was administered.

19. After Plaintiff fell over the back of the police car under the force of the blows administered by Defendant Krug with his metal flashlight, Defendant Herbert removed Plaintiff's firearm from its holster and seized it.

20. Defendants Krug, Herbert, Macy, and Paskiewicz then proceeded to walk Plaintiff to a police cruiser and deposit him in the back seat thereof.

21. During the aforementioned excessive use of force and unlawful arrest of Plaintiff, Defendant Jones looked on and silently approved.

22. After Plaintiff was deposited in the police cruiser, Defendants searched Plaintiff's car, locating a valid pistol permit, a valid license for the seized pistol, and documentation of Plaintiff's completion of firearms and other security guard training courses.

23. Defendant Macy thereafter took Plaintiff to Erie County Medical Center, where Plaintiff obtained treatment for the severe cut to his head caused by Defendant Krug's beating.

24. Plaintiff received four metallic staples to close an approximately one-inch-long open wound in his head.

25. Although Plaintiff had not in any way resisted the arrest carried out by Defendants Krug, Herbert, Macy, Paskiewicz, and Jones, those Defendants conspired to cover up their unlawful use of force and arrest of Plaintiff by bringing false criminal charges of resisting arrest under New York Penal Law § 205.30 and obstructing governmental administration under New York Penal Law § 195.05, both Class A misdemeanors under the New York Penal Law.

26. Defendant Krug drafted, signed, and filed a misdemeanor information bringing such false criminal charges against Plaintiff on August 30, 2010.

27. Although Plaintiff had done nothing with his firearm, and had done nothing to put Defendants in fear for their safety, during his arrest and beating by them, Defendants Krug, Herbert, Macy, Paskiewicz, and Jones conspired to cover up their excessive use of force and unlawful arrest of Plaintiff by bringing false criminal charges of Menacing a Police Officer under New York Penal Law § 120.18 and Criminal Possession of a Weapon under New York Penal Law §§ 265.03(1b) and (3), all of which are felonies under the New York Penal Law.

28. Defendant Krug drafted, signed, and filed a felony complaint bringing such false criminal charges against Plaintiff on August 30, 2010.

29. Defendant Strobele, a Lieutenant of the City of Buffalo Police Department, participated in the investigation of the case along with the other Defendants and, although aware that the charges to be brought were false, approved the bringing of these false misdemeanor and felony criminal charges against the Plaintiff and did nothing to prevent the bringing of such false charges.

30. After obtaining medical treatment for the cut to his head caused by Defendant Krug's severe beating of him with a flashlight, Plaintiff was thereafter transported to

Erie County Holding Center, where he was detained until he obtained a bail bond and bonded out on August 30, 2010.

31. To defend against the false criminal charges brought by Defendants, and to clear his name, Plaintiff was required to engage the services of a criminal defense attorney and to attend a number of court appearances.

32. On February 25, 2011, all six charges (three misdemeanor and three felony charges) were presented to the Erie County Grand Jury for the 2-A Term, 2011.  After the presentment of the six charges, the Grand Jury voted to and did dismiss all six charges against the Plaintiff.

33. As the result of the pendency of the six criminal charges against Plaintiff for a period of approximately six months, Plaintiff lost one job and was unable to obtain employment for which he had trained, as a security guard.

## As and for a First Cause of Action

**(Excessive Force under 42 U.S.C. § 1983:  Krug, Herbert, Macy, Paskiewicz, and Jones)**

34. Mr. Worthy repeats and realleges paragraphs 1 through 33 of his Complaint as though fully set forth in this paragraph.

35. Plaintiff had a constitutional right to be free from the unreasonable, and excessive use of force, assault, and battery on his person.  The severe beating and assault upon a passive and non-confrontational person is totally without legal justification.

36. The laws of New York against assault, menacing, and reckless endangerment prohibit actions such as those undertaken by Defendants Krug, Herbert, Macy, Paskiewicz, and Jones.

37. The punching, kicking, and injuring of Plaintiff by Defendants Krug, Herbert, Macy, Paskiewicz, and Jones was excessive, unreasonable, and unjustifiable under the circumstances, and subjected Plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments of the United States Constitution, within the meaning of 42 U.S.C. § 1983.

38. As a direct and proximate result of the unconstitutional acts of Defendants Krug, Herbert, Macy, Paskiewicz, and Jones, Plaintiff suffered physical injury, mental anguish, and emotional distress.

### As and for a Second Cause of Action

### (Municipal Liability under 42 U.S.C. § 1983:  City of Buffalo)

39. Mr. Worthy repeats and realleges paragraphs 1 through 38 of his Complaint as though fully set forth in this paragraph.

40. At all times relevant, Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli were in their City of Buffalo Police Department uniforms, and while on duty were acting under the color of state law and did cause the deprivation of Plaintiff's constitutional rights by beating, falsely arresting, and maliciously prosecuting him as previously described.

41. Upon information and belief, Defendant City of Buffalo was on notice, prior to the use of unconstitutionally excessive force against Plaintiff by Defendant Krug, through its receipt of prior complaints and service of prior lawsuits, that Defendant Krug has engaged in a pattern or practice of using unconstitutionally excessive force in effecting arrests.

42. Upon information and belief, it was and is the policy or custom of Defendant City of Buffalo to fail adequately to train and supervise City of Buffalo Police Officers in the use of force.

43. Upon information and belief, it was and is the policy or custom of Defendant City of Buffalo to overlook, excuse, or disregard unprovoked acts of violence by City of Buffalo Police Officers upon arrestees.

44. The City of Buffalo and Defendant Krug, among other defendants, were sued in this Court in July 2010, only one month before the violation of Plaintiff's rights, in a lawsuit in which Defendant Krug allegedly used excessive force and in which the plaintiff was allegedly beaten with a flashlight.

45. Upon information and belief, it was and is the policy or custom of Defendant City of Buffalo to tolerate the use of flashlights as weapons to subdue suspects and arrestees without reference to a reasonable use-of-force continuum and without consideration of recourse to less deadly uses of force

46. Upon information and belief, it was and is the policy or custom of Defendant City of Buffalo generally to tolerate and encourage the use of excessive force in making arrests.

47. Defendant City of Buffalo's policies, customs, or practices of overlooking and approving excessive uses of force in general, those of the individual defendants in particular, and those involving indiscriminate use of flashlights as weapons in particular, were proximate causes of the violation of Plaintiff's rights herein complained of under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

48. Upon information and belief, by overlooking, excusing, or disregarding the wrongful conduct of City of Buffalo Police Officers, including but not limited to that of Defendants Krug, Herbert, Macy, and Paskiewicz, Defendant City of Buffalo has adopted a

written or unwritten rule, or Defendant City of Buffalo has established a policy or custom of deliberate indifference to unlawful conduct such as complained of in this Complaint.

49. Defendant City of Buffalo's failure to take measures to train and supervise its police officers in the use of force, and to curb assaults on arrestees by those officers, was a proximate cause of the constitutional violations alleged in this complaint.

## As and for a Third Cause of Action

### (False Arrest under 42 U.S.C. § 1983:  Krug, Herbert, Macy, Paskiewicz, and Jones)

50. Mr. Worthy repeats and realleges paragraphs 1 through 49 of his Complaint as though fully set forth in this paragraph.

51. The Fourth and Fourteenth Amendments of the United States Constitution protects citizens from unreasonable seizures by local governments, and prohibit law enforcement officers from arresting and detaining individuals without probable cause to believe that they have committed a crime.

52. The right not to be arrested and detained without probable cause has long been clearly established and well settled.

53. The actions of Defendants Krug, Herbert, Macy, Paskiewicz, and Jones set forth above violated Mr. Worthy's clearly established and well settled rights under the Fourth and Fourteenth Amendments of the United States Constitution.  It was not objectively reasonable for Defendants Krug, Herbert, Macy, Paskiewicz, and Jones to arrest Mr. Worthy for resisting arrest, obstructing governmental administration, menacing, criminal possession of a weapon, or menacing a police officer.  Based on the information in the officers' possession at the time that they made the arrest, there was no probable cause to believe that Mr. Worthy had committed any of those offenses or any other criminal offense that could justify the arrest.  Indeed, Defendants

Krug, Herbert, Macy, Paskiewicz, and Jones knew that Mr. Worthy had not committed those offenses, because they themselves observed that he did not resist the arrest in any way, did nothing to cause any person to fear for his or her safety, did nothing with his firearm during the arrest, and possessed valid permits and licenses for the firearm.

54. All six criminal charges brought against Mr. Worthy were dismissed by the Erie County Grand Jury.

55. Defendants Krug, Herbert, Macy, Paskiewicz, and Jones acted under color of state law to violate Mr. Worthy's federally protected rights, in violation of 42 U.S.C. § 1983.

56. All six Defendants' actions were motivated by bad faith and malice, as they were designed to cover up and justify Defendants' unlawful and excessive use of force against Mr. Worthy.

57. As a direct and proximate result of the unconstitutional acts described above, Mr. Worthy has suffered injuries, including deprivation of his constitutional rights, deprivation of liberty, extreme humiliation and emotional anguish, and lost earnings and employment opportunities.

### As and for a Fourth Cause of Action

### (Malicious Prosecution under 42 U.S.C. § 1983:  Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli)

58. Mr. Worthy repeats and realleges paragraphs 1 through 57 of his Complaint as though fully set forth in this paragraph.

59. The Fourth and Fourteenth Amendments of the United States Constitution protect citizens from malicious prosecution by law enforcement officers, and prohibit officers from prosecuting individuals where there is no probable cause to believe that they have engaged in criminal conduct.

60. The right to be free of malicious prosecution has long been clearly established and well settled.

61. The actions of Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli detailed above violated Mr. Worthy's clearly established and well settled rights under the United States Constitution. It was not objectively reasonable, and was on the contrary a gross abuse of authority, for Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli to prosecute Mr. Worthy for misdemeanor resisting arrest, obstructing governmental administration, and menacing, and felony weapon possession and menacing, when they knew Mr. Worthy had not committed any of those crimes. No reasonable officer, knowing what Defendants knew, could have believed that Defendant Worthy had unlawfully possessed or used his firearm, menaced any person, resisted arrest, or obstructed governmental administration, or was guilty of any other crime.

62. All six criminal charges brought against Mr. Worthy have also been dismissed by the Erie County Grand Jury.

63. All six Defendants' actions were motivated by bad faith and malice, as they were designed to cover up and justify the excessive use of force and false arrest of Mr. Worthy by Defendants Krug, Herbert, Macy, Paskiewicz, and Jones.

64. Mr. Worthy's prosecution resulted in his loss of liberty, in that he was detained by the City of Buffalo Police Department, held in the Erie County Holding Center until he could bond out, required to attend various court appearances on pain of arrest if he failed to appear, and had to endure costly and lengthy criminal court proceedings to clear his name.

65. Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli acted under color of state law to violate Mr. Worthy's federally protected rights, in violation of 42 U.S.C. § 1983.

66. As a direct and proximate result of the unconstitutional acts described above, Mr. Worthy has suffered injuries, including deprivation of his constitutional rights, deprivation of liberty, extreme humiliation, emotional anguish, damage to his reputation and good name, lost earnings and employment opportunities, and being forced to incur great expenses, including legal expenses.

### As and for a Fifth Cause of Action

### (Malicious Abuse of Process under 42 U.S.C. § 1983: Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli)

67. Mr. Worthy repeats and realleges paragraphs 1 through 66 of his Complaint as though fully set forth in this paragraph.

68. The Fourth and Fourteenth Amendments of the United States Constitution protect citizens from malicious abuse of process by law enforcement officers, and prohibit officers from prosecuting individuals with the intent to do them harm thereby without justification for the purpose of obtaining a collateral objective outside the legitimate scope of the criminal process.

69. The right to be free of malicious abuse of process is clearly established and well settled.

70. The actions of Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli detailed above violated Mr. Worthy's clearly established and well settled rights under the United States Constitution. It was not objectively reasonable, and was on the contrary a gross abuse of authority, for Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli to

prosecute criminal charges against Mr. Worthy for the sole purpose of covering up and attempting to create a justification for their own unlawful and excessive use of force and false arrest of Mr. Worthy.

71. All six criminal charges brought against Mr. Worthy have been dismissed by the Erie County Grand Jury.

72. All six Defendants' actions were motivated by bad faith and malice, as they were designed to cover up and create an apparent justification for Defendants' own unlawful and excessive use of force and false arrest of Mr. Worthy.

73. Mr. Worthy's prosecution resulted in his loss of liberty, in that he was detained by the City of Buffalo Police Department, held in Erie County Holding Center until he could bond out, required to attend various court appearances on pain of arrest if he failed to appear, and had to endure costly and lengthy criminal court proceedings to clear his name.

74. Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli acted under color of state law to violate Mr. Worthy's federally protected rights, in violation of 42 U.S.C. § 1983.

75. As a direct and proximate result of the unconstitutional acts described above, Mr. Worthy has suffered injuries, including deprivation of his constitutional rights, deprivation of liberty, extreme humiliation, emotional anguish, damage to his reputation and good name, lost earnings and business opportunities, and being forced to incur great expenses, including legal expenses.

**Demand for Punitive Damages**

76. The actions of Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli were extreme and outrageous, and shock the conscience of a reasonable person.

Consequently, an award of punitive damages is appropriate to punish Defendants Krug, Herbert, Macy, Paskiewicz, Jones, and Strobeli for their cruel and uncivilized conduct.

### Jury Trial Demanded

77.    Mr. Worthy demands a trial by jury on all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff Marcus A. Worthy respectfully demands that the Court enter judgment against Defendants for:

    A.    Compensatory and special damages against the defendants and each of them jointly and severally in a sum in excess of $250,000;

    B.    Punitive damages against all individual defendants in an amount to be determined by a properly instructed jury;

    C.    Costs, disbursements, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

    D.    Interest on the aforementioned judgments; and

    E.    Such other and further relief as this Court may deem just and proper.

Dated: Buffalo, New York
       October 6, 2011

_____
Matthew A. Parham
Law Offices of Matthew A. Parham
70 Niagara Street, Suite 210
Buffalo, New York 14202
(716) 218-8876
matthew@matthewparhamlaw.com

*Attorney for Plaintiff Marcus A. Worthy*

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF ERIE      )

MARCUS WORTHY, being duly sworn, deposes and says: I am the Plaintiff in this proceeding. I have read the above Complaint and Demand for Jury Trial. As to those matters therein concerning me personally, the contents are true to my own knowledge. All other matters are stated on information and belief, and I do believe them to be true.

_____
Marcus Worthy

Sworn to before me this
6th day of October, 2011

_____
Notary Public

MATTHEW ALAN PARHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02PA6224317
Qualified in Kings County
My Commission Expires June 28, 2014