UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCUS A. WORTHY,

                                  **Plaintiff,**

v.

CITY OF BUFFALO, et al.,

                                  **Defendants.**

**11-CV-872A(Sr)**

---

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Plaintiff, Marcus A. Worthy, commenced this action alleging that his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, Section 1983 were violated by reason of the defendants' actions. Specifically, as against defendants Corey Krug, William Macy, Thomas Herbert, Joseph Paskiewicz, Melinda Jones and Brian Strobele, plaintiff asserts claims under Title 42, United States Code, Section 1983 for excessive force, false arrest, malicious prosecution and malicious abuse of process. As against defendant City of Buffalo, plaintiff asserts a single claim for municipal liability under Title 42, United States Code, Section 1983 and *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978). Presently pending is plaintiff's motion to compel the disclosure of

"defendants' disciplinary and complaint (both substantiated and unsubstantiated) histories of excessive force or false reporting as Buffalo Police Officers for the past ten years." Dkt. #23.

## BACKGROUND

Plaintiff, Marcus A. Worthy, alleges that on August 29, 2010 at approximately 10:30 p.m., he was standing and speaking with an acquaintance on private property, the porch outside 52 Langmeyer Street, Buffalo, New York. Dkt. #1, ¶ 10. At the time, plaintiff alleges that he was a security-guard trainee in possession of a valid pistol permit, had just completed a firearms training course and was wearing his licensed firearm in its holster. *Id*. at ¶ 11. The complaint alleges, upon information and belief, that the City of Buffalo Police Department had just received a call earlier that evening concerning a domestic dispute at a nearby location where an individual had brandished a sword. *Id*. at ¶ 12. At approximately 10:40 p.m., defendants Krug, Macy, Herbert, Paskiewicz and Jones arrived at 52 Langmeyer Street and began to run towards plaintiff with guns drawn. *Id*. at ¶¶ 13 and 14. Thereafter, the complaint alleges,

> 15. Plaintiff heard those Defendants shout something, but before he could decipher what they were saying, those Defendants struck Plaintiff in the back, causing him to fall forward. Defendants then seized Plaintiff's arms and head, held down Plaintiff's head, and cuffed Plaintiff's hands behind his back.
>
> 16. At this point, Defendants realized that Plaintiff had a gun. Plaintiff attempted to lift his head to speak to Defendants, and stated that he had a permit for the gun in his car, which was parked on the street in front of the house.

> 17. In response, Defendant Krug beat Plaintiff in the back of the head with Defendant Krug's police department-issued metal flashlight.
>
> 18. Defendant Krug administered several blows with his metal flashlight, causing severe swelling and bleeding to Plaintiff's head and causing Plaintiff to feel dizzy. Plaintiff was handcuffed behind his back at the time each such blow was administered.
>
> 19. After Plaintiff fell over the back of the police car [sic] under the force of the blows administered by Defendant Krug with his metal flashlight, Defendant Herbert removed Plaintiff's firearm from its holster and seized it.
>
> 20. Defendants Krug, Herbert, Macy, and Paskiewicz then proceeded to walk Plaintiff to a police cruiser and deposit him in the back seat thereof.
>
> 21. During the aforementioned excessive use of force and unlawful arrest of Plaintiff, Defendant Jones looked on and silently approved.
>
> 22. After Plaintiff was deposited in the police cruiser, Defendants searched Plaintiff's car, locating a valid pistol permit, a valid license for the seized pistol, and documentation of Plaintiff's completion of firearms and other security guard training courses.

Dkt. #1, ¶¶ 15-22. Plaintiff's complaint further alleges that defendants Krug, Herbert, Macy, Paskiewicz and Jones conspired to cover up their unlawful use of force and arrest of plaintiff by bringing false criminal charges of resisting arrest and obstructing governmental administration. Ultimately, the six charges were presented to an Erie County Grand Jury and the Grand Jury voted to dismiss all six charges against the plaintiff.

The plaintiff asserts the following claims pursuant to Title 42, United States Code, Section 1983: excessive force [Count 1] against defendants Krug, Herbert, Macy, Paskiewicz and Jones; municipal liability [Count 2] against the City of Buffalo; false arrest [Count 3] against defendants Krug, Herbert, Macy, Paskiewicz and Jones; malicious prosecution [Count 4] against Krug, Herbert, Macy, Paskiewicz, Jones and Strobele; and, malicious abuse of process [Count 5] against Krug, Herbert, Macy, Paskiewicz, Jones and Strobele. In addition, plaintiff seeks punitive damages against defendants Krug, Herbert, Macy, Paskiewicz, Jones and Strobele for their conduct.

In the instant motion, plaintiff describes that in response to his request for disclosure of "defendants' substantiated and unsubstantiated disciplinary history for excessive force and false reporting," counsel for defendants, by letter dated June 21, 2013, refused to disclose such records on the grounds that New York State Civil Rights Law section 50-a "subjects the defendants' personnel files to confidentiality." Dkt. #24, p.2. Thereafter, based on defendants' refusal, plaintiff filed the instant motion to compel. Dkt. #23. In their response to the instant motion, defendants state in pertinent part, "with regard to certain items contained in an officers' personnel files which can be considered dealing with disciplinary issues and/or complaints against such officers, the defendants continue to oppose release of such due to the confidentiality provisions of Civil Rights Law Section 50-A and Federal Court decisions." Dkt. #27, p.2.

Since the filing of the instant motion, the Court has granted the parties request for an extension of the discovery deadline to October 15, 2013 and the

deadline to file dispositive motions to December 1, 2013. Dkt. #29. On September 20, 2013, this Court received a letter request from counsel for the plaintiff, with the consent of counsel for the defendants, seeking another extension of time to complete depositions. In the letter, counsel stated that the parties had set aside the dates of October 17, 18, 21 and 22 for depositions. On September 24, 2013, this Court issued the following Text Order,

> Plaintiff's counsel's September 20, 2013 letter request (on consent) for an extension of the deadline to complete depositions to October 31, 2013 is granted. With respect to plaintiff's pending motion to compel [Dkt. #23] the disclosure of "defendants' disciplinary and complaint (both substantiated and unsubstantiated) histories of excessive force or false reporting as Buffalo Police Officers for the past ten years" (August 29, 2000 to August 29, 2010), defendants are hereby directed to turn over the requested records to the Court under seal for an in camera review. The records shall be turned over to the Chambers of the Hon. H. Kenneth Schroeder, Jr. no later than October 4, 2013 for this in camera review. Upon completion of the in camera review, this Court will issue its Decision and Order on the pending motion to compel. SO ORDERED.

Dkt. #31. The Court received records containing complaints filed regarding some defendants for *in camera* review on October 4, 2013.

## DISCUSSION AND ANALYSIS

As stated above, defendants oppose plaintiff's motion to compel on the grounds that the material being sought is protected by section 50-a of the New York State Civil Rights Law. Dkt. #27. In federal civil rights cases, issues of privilege are governed by federal, not state law. It is undisputed that under federal law, New York

Civil Rights Law section 50-a does not prohibit discovery of police personnel documents. See Martin v. Lamb, 122 F.R.D. 143 (W.D.N.Y. 1988); Rashada v. City of Buffalo, et al., No. 11CV873, 2013 WL 474751 (Feb. 6, 2013); Evans v. Murphy, et al., No. 12CV365, 2013 WL 2250709 (May 22, 2013). As Magistrate Judge Hugh B. Scott has previously stated,

> [t]hat does not mean that the state statute is to be given no effect. According to the New York State Court of Appeals, the legislative intent underlying the enactment of § 50–a was enacted to prevent time consuming and perhaps vexatious investigation into irrelevant collateral matters in the contest of a civil or criminal action, and to avoid embarrassment and harassment of testifying officers by cross-examination concerning "unsubstantiated and irrelevant" matters in their personnel files. See Matter of Capital Newspapers v. Burns, 67 N.Y.2d 562, 505 N.Y.S.2d 576, 496 N.E.2d 665 (1986).

Rashada, 2013 WL 474751, at *4.

Generally, the Courts in the Western District of New York will direct the production of documents contained in the personnel file of an officer only if the documents are relevant and involved disciplinary action taken against the officer. See Rashada v. City of Buffalo, et al., 2013 WL 474751 (W.D.N.Y. 2013) (Scott, M.J.) (directing disclosure of documents "relating to claims of excessive use of force, improper arrest, improper detention, improper prosecution, or racial insensitivity involving the defendants which have been substantiated upon the conclusion of an internal administrative investigation or court proceeding"); Evans v. Murphy, et al., 2013 WL 2250709 (W.D.N.Y. 2013) (Scott, M.J.) (directing disclosure of documents relating to any substantiated claims of excessive use of force for in camera review); Diaz v.

*Goord,* 2007 WL 2815735 (W.D.N.Y.2007) (Payson, M.J.) (directing disclosure of documents relating to disciplinary action imposed on the defendants in connection with allegation of excessive force); *Wright v. Goord,* 2008 WL 2788287 (W.D.N.Y.2008) (Payson, M.J.) (directing search of personnel files for documents relating to disciplinary action taken against defendants based upon the use of excessive force).

> It is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence. See *Crenshaw v. Herbert,* 409 Fed.Appx. 428 (2d. Cir.2011) (the district court did not abuse its discretion by denying plaintiff's motion to compel production of defendant's personnel file; the court properly relied on defense counsel's affirmation that the file contained no relevant **disciplinary records**; even if evidence of a prior *substantiated* excessive force investigation existed, on the facts of the particular case before us such evidence would be inadmissible to show that defendant acted violently in this instance). *Crenshaw,* 409 Fed.Appx. at 430 citing Fed.R.Evid. 404(b). See also *DiRico v. City of Quincy,* 404 F.3d 464 (1st Cir.2005) (district court in arrestee's § 1983 action against police officer for injuries sustained in arrest did not plainly err in excluding evidence of an earlier arrest by officer that resulted in a complaint of **use** of **excessive force**; evidence had no special relevance to any issue in action, evidence relating to a single, unsubstantiated claim of **use** of **excessive force** had limited probative value, and admission would have created danger that jury would render verdict on improper basis that officer was prone to engaging in violent behavior.).

*Rashada*, 2013 WL 474751, at *4 (emphasis in original).

This Court has undertaken a thorough review of the records submitted for its *in camera* inspection on October 4, 2013. Based on its review of the records, this Court has determined that after investigation, none of the complaints were upheld. Therefore, because the records contained no evidence of a prior substantiated claim of

excessive use of force, this Court finds that there is no need to order the disclosure of any portion of the records reviewed. Accordingly, plaintiff's motion to compel is denied. The records submitted for *in camera* inspection will be maintained by this Court until final disposition of this issue.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 9, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**