**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MARCUS A. WORTHY,**

                        **Plaintiff,**

**v.**

**CITY OF BUFFALO, et al.,**

                        **Defendants.**

**11-CV-872A(Sr)**

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Plaintiff, Marcus A. Worthy, commenced this action alleging that his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, Section 1983 were violated by reason of the defendants' actions. Specifically, as against defendants Corey Krug, William Macy, Thomas Herbert, Joseph Paskiewicz, Melinda Jones and Brian Strobele, plaintiff asserts claims under Title 42, United States Code, Section 1983 for excessive force, false arrest, malicious prosecution and malicious abuse of process. As against defendant City of Buffalo, plaintiff asserts a single claim for municipal liability under Title 42, United States Code, Section 1983 and *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978). After conducting an *in camera* review, this Court previously denied

plaintiff's motion to compel (Dkt. #23) the disclosure of "defendants' disciplinary and complaint (both substantiated and unsubstantiated) histories of excessive force or false reporting as Buffalo Police Officers for the past ten years." Dkt. #32. Presently pending is plaintiff's motion to compel the disclosure of the investigative file, Internal Affairs Division file number 2010-270, as it relates to the investigation of the incident alleged in the instant complaint. Dkt. #33.

## BACKGROUND

Plaintiff, Marcus A. Worthy, alleges that on August 29, 2010 at approximately 10:30 p.m., he was standing and speaking with an acquaintance on private property, the porch outside 52 Langmeyer Street, Buffalo, New York. Dkt. #1, ¶ 10. At the time, plaintiff alleges that he was a security-guard trainee in possession of a valid pistol permit, had just completed a firearms training course and was wearing his licensed firearm in its holster. *Id.* at ¶ 11. The complaint alleges, upon information and belief, that the City of Buffalo Police Department had just received a call earlier that evening concerning a domestic dispute at a nearby location where an individual had brandished a sword. *Id.* at ¶ 12. At approximately 10:40 p.m., defendants Krug, Macy, Herbert, Paskiewicz and Jones arrived at 52 Langmeyer Street and began to run towards plaintiff with guns drawn. *Id.* at ¶¶ 13 and 14. Thereafter, the complaint alleges,

> 15. Plaintiff heard those Defendants shout something, but before he could decipher what they were saying, those Defendants struck Plaintiff in the back, causing him to fall forward. Defendants then seized Plaintiff's arms and head, held down Plaintiff's head, and cuffed Plaintiff's hands behind his back.

> 16.  At this point, Defendants realized that Plaintiff had a gun. Plaintiff attempted to lift his head to speak to Defendants, and stated that he had a permit for the gun in his car, which was parked on the street in front of the house.
> 17.  In response, Defendant Krug beat Plaintiff in the back of the head with Defendant Krug's police department-issued metal flashlight.
>
> 18.  Defendant Krug administered several blows with his metal flashlight, causing severe swelling and bleeding to Plaintiff's head and causing Plaintiff to feel dizzy. Plaintiff was handcuffed behind his back at the time each such blow was administered.
>
> 19.  After Plaintiff fell over the back of the police car [sic] under the force of the blows administered by Defendant Krug with his metal flashlight, Defendant Herbert removed Plaintiff's firearm from its holster and seized it.
>
> 20.  Defendants Krug, Herbert, Macy, and Paskiewicz then proceeded to walk Plaintiff to a police cruiser and deposit him in the back seat thereof.
>
> 21.  During the aforementioned excessive use of force and unlawful arrest of Plaintiff, Defendant Jones looked on and silently approved.
>
> 22.  After Plaintiff was deposited in the police cruiser, Defendants searched Plaintiff's car, locating a valid pistol permit, a valid license for the seized pistol, and documentation of Plaintiff's completion of firearms and other security guard training courses.

Dkt. #1, ¶¶ 15-22. Plaintiff's complaint further alleges that defendants Krug, Herbert, Macy, Paskiewicz and Jones conspired to cover up their unlawful use of force and arrest of plaintiff by bringing false criminal charges of resisting arrest and obstructing governmental administration. Ultimately, the six charges were presented to an Erie County Grand Jury and the Grand Jury voted to dismiss all six charges against the plaintiff.

The plaintiff asserts the following claims pursuant to Title 42, United States Code, Section 1983: excessive force [Count 1] against defendants Krug, Herbert, Macy, Paskiewicz and Jones; municipal liability [Count 2] against the City of Buffalo; false arrest [Count 3] against defendants Krug, Herbert, Macy, Paskiewicz and Jones; malicious prosecution [Count 4] against Krug, Herbert, Macy, Paskiewicz, Jones and Strobele; and, malicious abuse of process [Count 5] against Krug, Herbert, Macy, Paskiewicz, Jones and Strobele.  In addition, plaintiff seeks punitive damages against defendants Krug, Herbert, Macy, Paskiewicz, Jones and Strobele for their conduct.

In the instant motion, plaintiff describes that prior to and at defendants' depositions, he requested the disclosure of the internal investigation file related to the incident alleged in the complaint, including prior statements by all defendants and a use of force form completed by defendant Krug.  Dkt. #33.  Specifically, plaintiff states, "[o]n October 16, 2013, and again at the depositions, ACC Carmen Gentile refused to produce the internal investigation file directly related to this incident stating that it was potentially part of the files the Court already reviewed in camera (although he could not say because he did not review those files) and refused to produce it because it was confidential under New York State Civil Rights Law Section 50-a." *Id*. at p.5.  In their response, defendants concede that the Internal Affairs Division file relating to this incident was not previously disclosed, in part, because plaintiff's previous request was limited to those Internal Affairs Division files opened prior to August 29, 2010 (the date of the incident).  Dkt. #35.  Notwithstanding the fact that any Internal Affairs Division file relating to the August 29, 2010 incident would have to have been opened *after* August

4

29, 2010 and was therefore not subject to this Court's prior Decision and Order, defendants maintain that the file is confidential and not subject to disclosure by reason of New York Civil Rights Law §50-a.  *Id.*  Specifically, in their response to the instant motion, defendants repeat the identical argument presented in response to the previous motion, stating, "with regard to certain items contained in an officers' personnel files which can be considered dealing with disciplinary issues and/or complaints against such officers, the defendants continue to oppose release of such due to the confidentiality provisions of Civil Rights Law Section 50-A and Federal Court decisions."  Dkt. #35, p.3.

## **DISCUSSION AND ANALYSIS**

As this Court found in its previous Decision and Order (Dkt. #32), in federal civil rights cases, issues of privilege are governed by federal, not state law.  It is undisputed that under federal law, New York Civil Rights Law section 50-a does not prohibit discovery of police personnel documents.  *See Martin v. Lamb*, 122 F.R.D. 143 (W.D.N.Y. 1988); *Rashada v. City of Buffalo, et al.*, No. 11CV873, 2013 WL 474751 (Feb. 6, 2013); *Evans v. Murphy, et al.*, No. 12CV365, 2013 WL 2250709 (May 22, 2013).  This Court hereby incorporates by reference the complete discussion set forth in its previous Decision and Order with respect to the applicable law governing the disclosure of the contents of a personnel file of a defendant officer.

Generally, the Courts in the Western District of New York will direct the production of documents contained in the personnel file of an officer only if the documents are relevant and involved disciplinary action taken against the officer. *See*

5

*Rashada v. City of Buffalo, et al.,* 2013 WL 474751 (W.D.N.Y. 2013) (Scott, M.J.) (directing disclosure of documents "relating to claims of excessive use of force, improper arrest, improper detention, improper prosecution, or racial insensitivity involving the defendants which have been substantiated upon the conclusion of an internal administrative investigation or court proceeding"); *Evans v. Murphy, et al.,* 2013 WL 2250709 (W.D.N.Y. 2013) (Scott, M.J.) (directing disclosure of documents relating to any substantiated claims of excessive use of force for in camera review); *Diaz v. Goord,* 2007 WL 2815735 (W.D.N.Y.2007) (Payson, M.J.) (directing disclosure of documents relating to disciplinary action imposed on the defendants in connection with allegation of excessive force); *Wright v. Goord,* 2008 WL 2788287 (W.D.N.Y.2008) (Payson, M.J.) (directing search of personnel files for documents relating to disciplinary action taken against defendants based upon the use of excessive force).

      Unlike the records this Court reviewed *in camera* as part of its previous Decision and Order, the records at issue here are undeniably relevant to this action.[1] The records requested are the Internal Affairs Division file for the incident alleged in the complaint bearing file number 2010-270. According to the defendants, "the ultimate disposition for such file relating to the police officers' conduct involved was 'not sustained' i.e. not substantiated." Dkt. #35, p.2. As set forth in its response to the instant motion, the defendants have made the erroneous assumption that because in its previous Decision and Order this Court concluded that disclosure of other Internal Affairs Division files was not required because the determination in each instance was

---

[1] The Court notes that the Internal Affairs Division file number 2010-270 relating to this incident was not among those files previously submitted for this Court's *in camera* review.

6

"not sustained" or "not substantiated," that this Court would find that the Internal Affairs Division file relative to this incident would likewise be not subject to disclosure. In sharp contrast to the defendant's presumption, the Internal Affairs Division investigative file as it relates to this incident is relevant and should be disclosed to plaintiff. Questions as to admissibility of Internal Affairs Division file number 2010-270, in whole or in part, at a trial of this matter are left to the trial judge to whom this case is assigned. To the extent that the defendants believe that contained within the subject Internal Affairs Division file 2010-270 is confidential information that should be redacted, the defendants are directed to file a motion seeking *in camera* review and a protective order no later than October 17, 2014. Otherwise, disclosure of the subject file shall be made to plaintiff no later than, October 17, 2014. For the foregoing reasons, plaintiff's motion to compel is granted.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 16, 2014

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**